KYLE SCHUMACHER (BAR #121887)
kschumacher@perryshields.com
**PERRY, SHIELDS, CAMPBELL,
FLOYD, PLLC**
227 N. Loop 1604 E. Ste. 130
San Antonio, TX. 78232
503-482-8137 ph
281-715-3209 fax

Attorneys for Plaintiff
Melinda Michelle Douglas

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| Melinda Michelle Douglas**,**<br><br>                    Plaintiff,<br><br>    v.<br><br>Capital One Bank (USA), National Association; and<br>DOES 1 through 100 inclusive,<br><br>                    Defendants. | CASE NO.  3:20-cv-00460<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1.  Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff Melinda Michelle Douglas ("Plaintiff" or "Douglas"), an individual, based on information and belief, to allege as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

2. Plaintiff brings this action against Defendant Capital One Bank (USA), National Association (hereinafter "Capital One") for its abusive and outrageous conduct in connection with debt collection activity.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to

protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

6. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

7. Plaintiff Melinda Michelle Douglas is an individual residing in the state of Oregon and is a "debtor."

8. At all relevant times herein, Defendant Capital One engaged via mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt."

9. At all relevant times, Defendant acted as a "debt collector."

10. Plaintiff had taken her first unsecured loan with Capital One in approximately 2009, and subsequent unsecured loans in approximately 2013 and 2014.

11. The loans Plaintiff took from Defendant were extended primarily for personal, family or household purposes and is therefore a "debt."

12. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction."

13. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt."

14. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of itself and is therefore a "debt collector."

15. Plaintiff's account was an unsecured loan and Plaintiff began making payments on the accounts.

16. Plaintiff began making payments on the loan before she became financially unable to keep up with the monthly payments.

17. Defendant began contacting Plaintiff in or about September of 2019 to inquire about the status of the loans and to collect on the payments that were no longer being made.

18.     Plaintiff retained counsel to assist in dealing with the Capital One debt and to seek some type of financial relief.

19.     Counsel for Plaintiff sent a letter of revocation to Capital One on or about September 21, 2019.

20.     Plaintiff believes her revocation and representation letter was received by Capital One on September 26, 2019.

21.     Plaintiff informed Capital One, through her letter of revocation, that she was revoking her consent, if it was previously given, to be called on her telephone.

22.     Plaintiff was frustrated that Capital One continued to make unsolicited calls to her cellular telephone after contacting Capital One to revoke her consent.

23.     Plaintiff denies that she ever gave her express consent to be contacted on her cellular telephone by automatic dialing machines and pre-recorded messages.

24.     Defendant continued to contact Plaintiff between approximately September 27, 2019 – February 25, 2020; the type of contact was through phone calls to Plaintiff on her cellular telephone.

25.     Despite notice being sent, Defendant continued to contact Plaintiff on her cellular telephone regarding collection of her outstanding debt.

26.     Capital One ignored Plaintiff's letter of representation and continued to contact her for at least five (5) months following receipt of Plaintiff's revocation letter.

27.     Despite being aware of Plaintiff's September 21, 2019 revocation, Capital One continued to contact Plaintiff on her cellular telephone.

28.     Capital One's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was revoking any consent that may have been previously given to be called on her cellular telephone.

**FIRST CAUSE OF ACTION**
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant and Does 1-100)

29.     Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

30.     Since at least September of 2019, Defendant started calling Plaintiff's cellular telephone requesting that payment be made on the accounts Plaintiff held with Defendant.

31. Capital One continued to call Plaintiff frequently after Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

32. Defendant would contact Plaintiff frequently regarding payment on the accounts.

33. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

34. Defendant contacted Plaintiff on at least one hundred thirty-seven (137) separate occasions after Plaintiff informed Defendant that she did not wish to be contacted on her cellular telephone and withdrew any prior consent that may have been given.

35. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

36. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purpose as defined by 47 U.S.C. §227(b)(1)(A).

37. These telephone calls by Defendant, or its agent(s), violated 47 U.S.C. §227(b)(1)(A)(iii).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

**a.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(B) & (C) for each and every violation.

**b.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**c.** Pursuant to 15 U.S.C. 1692(k) both actual damages and statutory damages in an amount to be proven at trial.

Respectfully submitted,

**PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**

Dated: March 19, 2020

*/s/ Kyle Schumacher*
Kyle Schumacher
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

**PERRY, SHIELDS, CAMPBELL, FLOYD, PLLC**

Dated: March 19, 2020

*/s/ Kyle Schumacher*
Kyle Schumacher
Attorneys for Plaintiff