KYLE SCHUMACHER (BAR #121887)
kyle@schumacherlane.com
**SCHUMACHER LANE PLLC**
P.O. Box 558
Spring Branch, TX 78070
503-482-8137 ph
210-783-1383 fax

Attorneys for Plaintiff
Melinda Michelle Douglas

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| Melinda Michelle Douglas**,**<br><br>                    Plaintiff,<br><br>    v.<br><br>Kohl's Inc.; and DOES 1 through 100 inclusive,<br><br>                    Defendants. | CASE NO. 3:20-cv-00460-JR<br><br>PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Telephone Consumer Protection Act<br>2. Violation of the Oregon Unlawful Debt Collection Practices Act |

COMES NOW Plaintiff, Melinda Michelle Douglas ("Plaintiff" or "Douglas"), an individual, based on information and belief, to allege as follows:

### INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendant's violation of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers, and the Oregon Unlawful Debt Collection Practices Act OR. REV. STAT. § 646.639 (hereinafter "UDCPA"), which prohibits harassing or annoying calls to consumers.

2.    Plaintiff brings this action against Defendant Kohl's Inc. (hereinafter "Kohl's" or "Defendant") for its abusive and outrageous conduct in connection with debt collection activity.

3.    While many violations are described below with specificity, this Complaint alleges

violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, as well as protect the privacy of citizens like Plaintiff and, by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

5. The UDCPA is the state's version of the federal Fair Debt Collection Practices Act (hereinafter "FDCPA"), and aims to protect consumers against unfair and harassing collection practices like the ones described herein. Unlike the FDCPA, the UDCPA applies to a creditor attempting to collect on its own debts.

## JURISDICTION & VENUE

6. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

7. This venue is proper pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

8. Plaintiff, Melinda Michelle Douglas, is an individual residing in the state of Oregon.

9. Plaintiff had taken out an unsecured loan with Kohl's in approximately June of 2014 ("Loan"). The Loan was a store card serviced by Kohl's and issued by Capital One Bank (USA), National Association ("Capital One").

10. Plaintiff is informed and believes that Koh's services and collects on the Loan on its own behalf and on behalf of and as agent for Capital One.

11. Plaintiff began making payments on the Loan before she became financially unable to keep up with the monthly payments.

12. Defendant began contacting Plaintiff in or about July of 2019 regarding the Loan.

13. Plaintiff retained counsel to assist in dealing with the Kohl's debt and to seek some type of financial relief.

14. Counsel for Plaintiff sent a letter of revocation to Capital One regarding the Loan on or about September 21, 2019 (the "Letter of Revocation").

15. Plaintiff believes her Letter of Revocation was received by Capital One on September 26, 2019.

16. Plaintiff believes Capital One sent a copy of her Letter of Revocation, or in the alternative, some other form of notice of the Letter of Revocation, to Kohl's.

17. Plaintiff informed Capital One and Kohl's, through her Letter of Revocation, that she was revoking her consent, if it was previously given, to be called on her telephone by automatic dialing machines.

18. Plaintiff was frustrated that Defendant continued to make unsolicited calls to her cellular telephone after revoking her consent and providing information regarding her representation by counsel.

19. Plaintiff denies that she ever gave her express consent to be contacted on her cellular telephone by automatic dialing machines and pre-recorded messages.

20. Defendant continued to contact Plaintiff between approximately November of 2019 through March of 2020; the type of contact was through phone calls to Plaintiff on her cellular telephone.

21. Despite notice being sent, Defendant continued to contact Plaintiff on her cellular telephone.

22. Defendant ignored Plaintiff's letter of representation and continued to contact her

on her cellular telephone for at least four (4) months following receipt of Plaintiff's Letter of Revocation.

23. Defendant's calls were frequent in nature and continued after written confirmation that Plaintiff was revoking any consent that may have been previously given to be called on her cellular telephone.

### FIRST CAUSE OF ACTION
(Violation of the TCPA)
(47 U.S.C. § 227)
(Against Defendant and Does 1-100)

24. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

25. Since at least November of 2019, Defendant started calling Plaintiff's cellular telephone.

26. Kohl's, by itself or through its agents or subcontractors, continued to call Plaintiff frequently after Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

27. Plaintiff alleges Defendant placed one or more of the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

28. Defendant contacted Plaintiff on at least one hundred sixty-five (165) separate occasions; each call being after Plaintiff had revoked consent to be contacted on her cellular telephone and withdrew any prior consent that may have been given.

29. Plaintiff alleges all calls made by Defendant to her cellular telephone were made with equipment or device(s) which has the capacity to either store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator, and to dial such numbers.

30. Plaintiff alleges there was no conduct by her which triggered an instant "cause and effect" action whereby the number tied to her account was produced and dialed.

31. Plaintiff alleges that her number was placed or stored on a call list or in a database in a random or sequential manner with other numbers to be dialed.

32. Plaintiff alleges that her number was produced from the call list by software that uses a random or sequential method to "pull up" numbers to be called.

33. Plaintiff alleges that from the randomly or sequentially generated call list, her number was called using telephone equipment that caused her cell phone to be dialed.

34. Plaintiff alleges that all calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1), which had the capacity to use a random or sequential number generator to either store or produce numbers to be called, and called such numbers.

35. In the alternative, Plaintiff alleges that all calls placed by Defendant to Plaintiff utilized separate software, programs, or applications, all integrated and running in conjunction to create an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1), and together had the capacity to use a random or sequential number generator to either store or produce numbers to be called, and called such numbers.

36. Plaintiff alleges that on at least one of the calls Defendant made to her, she picked up and heard a "click" and pause before a representative or agent of Defendant began speaking.

37. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A).

38. These telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

**SECOND CAUSE OF ACTION**
(Unlawful Collection Practices)
(ORS § 646.639)
(Against Defendant and Does 1-100)

39.   Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

40.   Plaintiff, as "a natural person who purchases or acquires property, services or credit for personal, family or household purposes", is a "Consumer". OR. REV. STAT. § 646.639(1)(b).

41.   Plaintiff is a "Debtor" because Plaintiff is "a consumer who owes or allegedly owes a debt". OR. REV. STAT. § 646.639(1)(i).

42.   Plaintiff's transaction(s) with Kohl's, beginning in 2014, each constitute a "Consumer transaction" as Plaintiff is a Consumer and Defendants were providing "services or credit to consumers." OR. REV. STAT. § 646.639(1)(c).

43.   Kohl's is a "Creditor" as Kohl's, in the ordinary course of business, "engages in consumer transactions", by selling property, "that result in a consumer owing a debt" to the Defendants. OR. REV. STAT. § 646.639(1)(e).

44.   Defendant is also a "Debt collector" as Defendants each attempted to "collect a debt owed, or alleged to be owed, to a creditor or a debt buyer." OR. REV. STAT. § 646.639(1)(h).

45.   Defendant cannot assert a defense under OR. REV. STAT. § 646.643 as to the applicability of OR. REV. STAT. § 646.639 since Defendant is not subject to the requirements of the Fair Debt Collection Practices Act as it is the original creditor of the debt in question. *See* 15 U.S.C. 1692a(6)(F). Alternatively, if Defendant is deemed subject to 15 U.S.C. 1692 *et seq.*, Defendant is not in compliance with the same as the allegations cited above are in violation of both 15 U.S.C. 1692c(c) and 1692d(5).

46.   Defendant contacted Plaintiff on at least one hundred sixty-five (165) separate

occasions, with at least eighty-nine (89) of those calls coming in only two (2) months.

47. Defendant frequently called Plaintiff three (3) times per day.

48. On one occasion, Defendant attempted to contact Plaintiff four (4) times in less than eight (8) minutes; placing a call roughly every two (2) minutes.

49. Plaintiff was harassed and annoyed by the pattern and number of repeated calls placed by Defendant.

50. Each of the above cited calls were an attempt to collect a debt.

51. Defendant's frequent calls to Plaintiff constitutes communication with a debtor "repeatedly or continuously" and "with the intent to harass or annoy the debtor" in direct violation of OR. REV. STAT. § 646.639(2)(e).

52. Defendant's repeated calls to Plaintiff, which were made after receipt of Plaintiff's Letter of Revocation, show Defendants' actions were willful.

53. Defendant's willful collection attempts were made in violation of OR. REV. STAT. § 646.639(e); therefore, Plaintiff seeks to recover all of her attorneys' fees in connection with the preparation and trial of this cause under the authority of OR. REV. STAT. § 646.641(2).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    a. An award of statutory damages of $1,500.00, pursuant to 47 U.S.C. § 227(b)(3)(B) & (C) for each and every violation;

    b. An award of statutory damages of $200.00 pursuant to OR. REV. STAT. § 646.641(1);

    c. Pursuant to 47 U.S.C. § 227(b)(3)(A) and OR. REV. STAT. § 646.641(1), injunctive relief prohibiting such conduct in the future;

    d. Pursuant to 15 U.S.C. 1692(k) both actual damages and statutory damages in an amount to be proven at trial; and

    e. Pursuant to OR. REV. STAT. § 646.641(1) both actual damages and punitive damages in an amount to be proven at trial.

Respectfully submitted,

**SCHUMACHER LANE PLLC**

Dated: June 15, 2021

*/s/ Kyle Schumacher*
Kyle Schumacher
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

**SCHUMACHER LANE PLLC**

Dated: June 15, 2021

*/s/ Kyle Schumacher*
Kyle Schumacher
Attorneys for Plaintiff